**SMITH KRIVOSHEY, PC**
Joel D. Smith (New Jersey Bar No. 244902)
Aleksandr "Sasha" Litvinov (*pro hac vice* forthcoming)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Telephone: 617-377-7404
joel@skclassactions.com
sasha@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (*pro hac vice* forthcoming)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7000
yeremey@skclassactions.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | | |
|---|---|---|
| LAUREN TYMPEL, on behalf of herself and others similarly situated,<br>    720A Martin Luther King Jr. Way<br>    Seattle, WA 98122, | : | CASE NO. _____ |
| Plaintiff, | : | **COMPLAINT -- CLASS ACTION** |
| v. | : | |
| ALL SEASON SOLAR LLC, a New Jersey limited liability company,<br>    28 S. New York Rd., Suite B3<br>    Galloway, NJ 08205, | : | |
| Defendant. | : | |

**DECLARATORY AND PERMANENT INJUNCTIVE RELIEF REQUESTED**
**DEMAND FOR A JURY TRIAL**

Plaintiff, LAUREN TYMPEL ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant, ALL SEASON SOLAR LLC ("Defendant"), pursuant to the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. §§

1

227(c)(5). On personal knowledge, investigation of counsel, and on information and belief, Plaintiff alleges as follows:

## NATURE OF ACTION

1. In March 2024, Defendant made at least thirteen telemarketing calls to Plaintiff's personal cellular telephone for the purpose of selling solar energy and roofing products and services. Defendant made these calls despite Plaintiff having registered her telephone number on the national do-not-call registry almost two decades ago in 2006.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to Defendant's conduct in negligently, knowingly, and/or willfully initiating more than one telemarketing telephone call within a 12-month period to Plaintiff and class members on their residential telephone lines which have been registered on the national do-not-call registry, without prior express consent, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

## PARTIES

3. Plaintiff is an individual residing in Seattle, King County, Washington.

4. Defendant is a limited liability company organized under the laws of New Jersey with its principal place of business and headquarters located at 28 S. New York Rd., Suite B3, Galloway, NJ 08205 (Atlantic County). Defendant also does business as AllSeason Solar & Roofing and All Season Construction.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq*.

6. This Court has personal jurisdiction over Defendant because Defendant is incorporated under the laws of New Jersey and Defendant's principal place of business is in this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and is subject to the Court's personal jurisdiction with respect to this action.

## TCPA BACKGROUND

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy . . . ." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

A. <u>The National Do-Not-Call Registry</u>

9. 47 U.S.C. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10. The national do-not-call registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the national do-not-call registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

13. The FCC has issued rulings clarifying that in order to obtain an individual's consent to receive telemarketing calls for purposes of the TCPA, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839

("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

## FACTUAL ALLEGATIONS

14. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Defendant is a for-profit solar energy seller and installer, including solar panel modules, microinverters, roof flashings, and web-based monitoring systems. *See* Ex. A. Defendant's website, www.allseasonsolar.net, claims it is "one of New Jersey's largest solar installers . . . ." *Id*.

16. Defendant also has a Google local services profile under the name AllSeason Solar & Roofing. The website listed for AllSeason Solar & Roofing leads to the same page as www.allseasonsolar.net and the physical address of AllSeason Solar & Roofing is the same as that of Defendant (i.e., 28 S. New York Rd., Suite B3, Galloway, NJ 08205).

17. Defendant makes telemarketing calls to contact potential customers.

18. At no point has Plaintiff sought out or solicited information regarding Defendant's solar energy or roofing products or services prior to receiving the telemarketing calls at issue.

19. Plaintiff has never consented in writing, or otherwise, to receive telemarketing calls from Defendant. Plaintiff has never provided Defendant with her telephone number.

20. Plaintiff's cellular telephone number, 856-XXX-9141, is a residential telephone line.

21. Plaintiff added this telephone number to the national do-not-call registry on June 24, 2006.

22. Despite this, Plaintiff received at least thirteen telemarketing calls from Defendant between March 18, 2024 and March 21, 2024.

23. Plaintiff alleges the calls were placed by Defendant for the purpose of soliciting Defendant's solar energy and roofing products and services to Plaintiff.

24. Specifically, on March 18, 19, 20, and 21, 2024, Plaintiff received thirteen calls from telephone number 609-277-7059. Plaintiff's caller-ID showed the number as belonging to "All Seasn [sic] Solar." Because Plaintiff had never had any dealings with an entity by that name, she did not answer the first ten calls. After four of those calls, the caller left a voicemail but did not say anything and simply hung up after 2-8 seconds.

25. Plaintiff answered the eleventh call she received from 609-277-7059, which was on March 20, 2024 at 12:31 PM. After having received 10 calls from Defendant by then, and four voicemails with no message, Plaintiff answered the call to determine whether the call would begin with a prerecorded voice, and for no other purpose. Plaintiff heard the telltale click of an autodialer and then a human voice, after which Plaintiff promptly hung up the phone.

26. Defendant placed a twelfth call to Plaintiff the next day, March 21, 2024, at 6:31 AM. Plaintiff did not answer.

27. Defendant placed a thirteenth call to Plaintiff the same day around 10:47 AM. Frustrated by the volume of calls, Plaintiff answered to determine who it was that kept calling her. Plaintiff said "Hello?" and then again heard the telltale click of an autodialer. Then the caller said, "Hi, my name is Mike. I'm with All Season Roofing. Is this Catherine?" Plaintiff asked, "All Season Roofing?" The caller said, "Yes, yes. We received your information that you maybe wanted to get a quote for a roof." Plaintiff's name is not Catherine and she had never requested a quote for

5

roofing services or solar energy products from Defendant. Plaintiff did not receive any more calls from Defendant after March 21, 2024.

28.  Calls placed to 609-277-7059 after hours result in a prerecorded message which says, "Thank you for calling All Season Solar" before giving the caller options to route the call. Calls placed to 609-277-7059 during working hours are answered by a receptionist who says, "All Season Solar and Roofing, how can I direct your call?"

29.  Screen shots of the calls and voicemails Plaintiff received are attached hereto at Exhibit B.

30.  Around the time of these calls, Plaintiff was not in the market for or researching solar energy systems, products, or installers, or roofing products and services, on the internet, in person, or otherwise. In fact, Plaintiff resides in Washington; Plaintiff moved to Washington from New Hope, Pennsylvania in the autumn of 2017. Plaintiff had not lived in New Jersey since approximately 2014. Defendant's website suggests it operates primarily in New Jersey and does not sell products or services in Washington. Plaintiff has never interacted with Defendant in any manner, other than through the receipt of the above telemarketing calls. Plaintiff did not consent to receiving these calls.

31.  Plaintiff and all members of the class defined below have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's and class members' telephone lines, used up their time, prevented them from receiving legitimate communication, and interfered with their use of their telephones for legitimate purposes.

## **CLASS ACTION ALLEGATIONS**

32. As authorized by Fed. R. Civ. P. 23(b)(2) or (b)(3), Plaintiff bring this action seeking injunctive relief and money damages on behalf of herself and on behalf of all other persons similarly situated throughout the United States.

33. Plaintiff proposes the following "National Do-Not-Call Registry Class" definition, subject to amendment as appropriate:

> **National Do-Not-Call Registry Class**: All persons in the United States (a) whose numbers are listed on the national do-not-call registry; (b) and who received two or more telemarketing calls within any 12-month period from Defendant to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry; (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").

34. Plaintiff represents, and is a member of, the proposed class. Excluded from the class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any person who made a transaction with Defendant in the preceding 18 months before receiving a telemarketing call/text, any person who has executed a signed, written agreement between the person and Defendant which states that the person agrees to be contacted by Defendant and includes the telephone number to which the calls may be placed, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

35. **Numerosity.** The potential members of the proposed class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls. Individual joinder of these persons is impracticable.

36. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed class have been harmed by the acts of Defendant, including, but not

limited to, multiple involuntary telephone and electrical charges, the invasion of their privacy, aggravation, annoyance, waste of time, the intrusion on their telephone that occupied it from receiving legitimate communications, and violations of their statutory rights.

37. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

38. The members of the National Do-Not-Call Registry Class, as defined above, are identifiable through telephone records and telephone number databases.

39. There are well defined and nearly identical questions of law and fact common to Plaintiff and members of the proposed class. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant systematically made multiple telemarketing telephone calls to members of the National Do-Not-Call Registry Class;

    b. Whether Defendant made these calls without first obtaining prior express written consent to make the calls;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant is liable for damages as a result of such conduct, and the amount of such damages; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

40. **Typicality.** Plaintiff's claims are typical of the claims of the proposed class members because they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories. Specifically, the proposed class members are all

persons who received telemarketing calls on their telephones without their prior express written consent. Plaintiff is a member of the proposed class and will fairly and adequately represent and protect the interests of the proposed class as she has no interests that conflict with any of the proposed class members.

41. **Adequacy of Representation.** Plaintiff is an adequate representative of the proposed class because her interests do not conflict with the interests of the proposed class, she will fairly and adequately protect the interests of the proposed class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42. **Superiority.** Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant.

43. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the proposed class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

44. Defendant acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed

class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

### FIRST CAUSE OF ACTION
**Violations of the TCPA, 47 U.S.C. § 227, *et seq.*
(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

45. Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-44 and incorporates them by reference herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

47. Defendant's violations were willful or knowing.

48. As a result of Defendant's violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to treble damages of up to $1,500 for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

49. Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its agents from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

50. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

## **SECOND CAUSE OF ACTION**
### Violations of the TCPA, 47 U.S.C. § 227, *et seq.*
**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

51. Plaintiff repeats her prior allegations of this Complaint from paragraphs 1-44 and incorporates them by reference herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the proposed National Do-Not-Call Registry Class despite their numbers being on the national do-not-call registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

53. As a result of Defendant's violations, Plaintiff and members of the proposed National Do-Not-Call Registry Class are entitled to an award of $500 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff and the members of the proposed National Do-Not-Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to telephone numbers registered on the national do-not-call registry, except for emergency purposes, in the future pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff and members of the proposed National Do-Not-Call Registry Class are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A. Certification of the proposed class;

B. Appointment of Plaintiff as representative of the class;

  C. Appointment of undersigned counsel as counsel for the class;

  D. A declaration that Defendant's actions complained of herein violated the TCPA;

  E. An order enjoining Defendant from making telemarketing calls to numbers on the national do-not-call registry absent an emergency circumstance;

  F. An award of damages to Plaintiff and each member of the proposed National Do-Not-Call Registry Class, as allowed by law, including, but not limited to, treble damages of up to $1,500 for each willful or knowing telemarketing call that violated the TCPA and $500 in statutory damages for each telemarketing call that otherwise violated the TCPA;

  G. An award of attorney fees, expenses, and costs; and

  H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues so triable.

Dated: September 19, 2024    Respectfully submitted,

            SMITH KRIVOSHEY, PC

            *s/ Joel D. Smith*
            Joel D. Smith
            867 Boylston Street, 5th Floor, Ste. 1520
            Boston, MA 02116
            Telephone: 617-377-7404
            E-Mail: joel@skclassactions.com

            Yeremey O. Krivoshey (SBN 295032)
            (*pro hac vice* pending)
            166 Geary Str STE 1500-1507
            San Francisco, CA 94108
            Telephone: 415-839-7077
            Facsimile: 888-410-0415
            E-Mail: yeremey@skclassactions.com

Aleksandr "Sasha" Litvinov (SBN 95598)
(*pro hac vice* pending)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: 888-410-0415
E-Mail: sasha@skclassactions.com

*Attorneys for Plaintiff*
*and the Proposed Class*